RECEIVED
JUL 20 2005
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF LOUISIANA
### SHREVEPORT DIVISION

UNITED STATES OF AMERICA

versus

STEVEN RAY JONES

CRIMINAL NO. 03-50032-02
JUDGE TOM STAGG

## MEMORANDUM RULING

Before the court is Steven Ray Jones's ("Jones") motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. See Record Document 69. Based on the following, Jones's motion is **DENIED**.

### I. BACKGROUND

**A.  Factual Background.**

In late 2001, law enforcement officers received information that Lorenzo Antonio Thomas ("Thomas") and Jones were distributing crack cocaine in Bossier City, Louisiana. On December 5, 2001, an undercover agent and a confidential informant went to Bossier City to purchase drugs from Jones, but instead purchased a total of 61.8 grams of cocaine base from Thomas. On January 10, 2002, the confidential informant called Jones in order to purchase more crack. Pursuant to

Jones's instructions, the confidential informant and the undercover agent met Thomas and purchased 38.4 grams of cocaine base from Thomas.

**B.      Procedural History.**

On March 27, 2003, a federal grand jury returned a four-count indictment against Thomas and Jones. Count one charged the two defendants with conspiracy to distribute fifty grams or more of a mixture and substance "containing a detectable amount of cocaine base (crack cocaine), a Schedule II controlled substance," in violation of 21 U.S.C. §§ 841 (a)(1) and 846. See Record Document 1. The count alleged that the conspiracy occurred between December 5, 2001, and January 10, 2002. Counts two and three charged Thomas with substantive counts of distribution of crack cocaine occurring on December 5, 2001. Count four charged both of the defendants with distribution of "five (5) grams or more of a substance or mixture containing a detectable amount of cocaine base (crack cocaine)" in violation of 21 U.S.C. § 841(a) and 18 U.S.C. § 2. Pursuant to a plea agreement, Jones pled guilty to the conspiracy charge (count one) on June 27, 2003. This court sentenced Jones to 175 months of imprisonment.

## II. LAW AND ANALYSIS

The government argues that Jones's section 2255 claims cannot be presently considered. "Challenging a conviction and sentence with a section 2255 motion is fundamentally different from a direct appeal." United States v. Samuels, 59 F.3d 526, 528 (5th Cir. 1995). The Fifth Circuit has held:

> Relief under 28 U.S.C.A. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. Nonconstitutional claims that could have been raised on direct appeal, but were not, may not be asserted in a collateral proceeding.

United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992) (citations omitted). Jones "may not raise an issue [constitutional or jurisdictional in nature] for the first time on collateral review without showing both 'cause' for [his] procedural default, and 'actual prejudice' resulting from the error." United States v. Shaid, 937 F.2d 228, 232 (5th Cir. 1991) (citation omitted).

To establish "cause," Jones must show some external impediment prevented his from raising the claim on direct appeal. See United States v. Flores, 981 F.2d 231, 235 (5th Cir. 1993). In order to meet the "actual prejudice" test, Jones must demonstrate substantial prejudice, such that the integrity of the entire proceeding is infected. See Shaid, 937 F.2d at 233. Further, Jones may not raise any non-

3

constitutional errors in his section 2255 motion unless he establishes that "the error could not have been raised on direct appeal, and if condoned, would result in a complete miscarriage of justice." Shaid, 937 F.2d at 232 (citation omitted).

Jones has neglected to show cause for his failure to file a direct appeal or actual prejudice resulting from his error. Moreover, he has not established that the alleged errors would result in a complete miscarriage of justice, as he has failed to prove his actual innocence. See Flores, 981 F.2d at 236 (stating that without a colorable showing of factual innocence, a defendant fails to show a fundamental miscarriage of justice). However, in an abundance of caution, the court will proceed to the merits of his claims.

**A.   Drug Schedules.**

Jones argues that 21 U.S.C. § 811, addressing the power to change the schedules of controlled substances by the Attorney General, is an improper delegation of Congress's legislative powers. This argument, however, is simply not meritorious, as the Fifth Circuit has held that this type of delegation to the executive branch is constitutional. See United States v. Daniel, 813 F.2d 661, 663 (5th Cir. 1987) (wherein the court refused to "question the clear precedents of this and other circuits upholding the Attorney General's reclassification of controlled substances

among the five schedules established by Congress"). There are clear precedents in the Fifth Circuit and other circuits upholding the Attorney General's reclassification of controlled substances among the schedules established by Congress. See United States v. Pastor, 557 F.2d 930 (2nd Cir. 1977); United States v. Davis, 564 F.2d 840 (9th Cir. 1977); United States v. Fooladi, 746 F.2d 1027 (5th Cir. 1984); United States v. Erwin, 602 F.2d 1183 (5th Cir. 1979); United States v. Barron, 594 F.2d 1345 (10th Cir. 1979); United States v. Roya, 574 F.2d 386 (7th Cir. 1978).

**B. Sentencing.**

Jones also urges that this court violated his Sixth Amendment rights, contending that "[a]ny other fact that increases the defendant's sentence should have been voluntarily admitted by the defendant or submitted to a jury and proved beyond a reasonable doubt." Record Document 85. He argues that his sentence violated his Sixth Amendment right to have a jury decide the facts which lengthened his sentence, referring this court to the United States Supreme Court cases of Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000), Blakely v. Washington, 542 U.S.296, 124 S. Ct. 2531 (2004) and United States v. Booker, --- U.S. ---, 125 S. Ct. 738, 750, 764 (2005).

In United States v. Booker, --- U.S. ---, 125 S. Ct. 738, 750, 764 (2005), the Supreme Court held that the United States Sentencing Guidelines, as implemented, violate the Sixth Amendment. See id. The Court went on to excise the portions of the statute which operated to make the Sentencing Guidelines mandatory, thereby bringing the guidelines back in line with the Sixth Amendment. See id. However, the Court also noted that its decision would only apply to those cases on direct review.[1] Id. at 745. As Jones's case is no longer on direct review, Booker is not applicable. In addition, the United States Court of Appeals for the Fifth Circuit has rendered a decision interpreting the Booker decision and its effect on the sentencing process in the Fifth Circuit. In United States v. Mares, the Fifth Circuit Court of Appeals held that judicial fact-finding is permissible. See United States v. Mares, 402 F.3d 511 (5th Cir. 2005). The court explained that, "[t]he Guideline range should be determined in the same manner as before Booker/Fanfan." Id. at 519. The court went on to hold that, "Booker contemplates that, with the mandatory use

---

[1] Although the Fifth Circuit has yet to explicitly acknowledge this, many other circuits that have considered the retroactivity question have held that Booker is not retroactive. See Humphress v. United States, 398 F.3d 855, 860 (6th Cir. 2005); McReynolds v. United States, 397 F.3d 479, 481 (7th Cir. 2005); United States v. Price, 400 F.3d 844, 845 (10th Cir. 2005); Varela v. United States, 400 F.3d 864, 868 (11th Cir. 2005) (per curiam); Guzman v. United States, 404 F.3d 139 (2nd Cir. 2005).

6

of the Guidelines excised, the Sixth Amendment will not impede a sentencing judge from finding all facts relevant to sentencing." Id. (citing Booker, 125 S. Ct. at 750, 764). It is clear that in spite of Booker, this court was free to consider aggravating factors without violating his Sixth Amendment rights. His argument that a judge acting alone cannot increase his sentence is without merit.

Additionally, Jones's motion must be denied because Apprendi is not applicable on the merits of his case. Even though some of the considerations taken into account and upon which he was ultimately sentenced were not proved to a jury beyond a reasonable doubt, the resultant guideline range did not increase his sentence beyond the prescribed statutory maximum for the offense. The Supreme Court's decision in Apprendi was specifically limited to facts that increase the penalty beyond the prescribed statutory maximum. See id. at 2362-63. Accordingly, unless a defendant's sentence is increased beyond the statutory maximum penalty for a given offense, Apprendi simply does not apply. See United States v. Salazar-Flores, 238 F.3d 672, 673 (5th Cir. 2001).

C.  **Ineffective Assistance Of Counsel.**

Jones contends that he was denied effective assistance of counsel because of his trial counsel's (1) failure to file a notice of appeal; (2) failure to argue that 21

U.S.C. § 841 violates the Commerce Clause; (3) failure to accurately represent his possible sentence; and (4) failure to be effective at sentencing. To prevail on a claim of ineffective assistance of counsel, Jones must prove (1) that his counsel's actions fell below an objective standard of reasonableness and (2) that his counsel's ineffective assistance was prejudicial. See Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984); Bryant v. Scott, 28 F.3d 1411, 1414-1415 (5th Cir. 1994). Under the first prong of the Strickland analysis, the court is to presume that the attorney's actions are encompassed within the wide range of reasonable competence and fall under the ambit of trial strategy. See Strickland, 466 U.S. at 689, 104 S. Ct. at 2065. The defendant may overcome this presumption only by showing that under the "totality of the circumstances," the attorney's performance was "outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 690, 104 S. Ct. at 2066.

Under the second prong of the Strickland test, the defendant must show "that there is a reasonable probability that, but for counsel's specified errors, the result of the proceeding would have been different." Murray v. Maggio, 736 F.2d 279, 282 (5th Cir. 1984). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694, 104 S. Ct. at 2068. To

satisfy the prejudice prong of the Strickland test in the context of a non-capital sentencing proceeding, Jones must establish "a reasonable probability that, but for the deficient performance of counsel, his sentence would have been significantly less harsh." United States v. Seyfert, 67 F.3d 544, 548 (5th Cir. 1995). If Jones fails to establish either prong of the Strickland test, then his claim of ineffective assistance of counsel must fail.

1. **Failure To File A Notice Of Appeal.**

Jones contends that he lost his right to appeal because his attorney neglected to file a notice of appeal. In Roe v. Flores-Ortega, 528 U.S. 470, 120 S. Ct. 1029 (2000), the United States Supreme Court addressed the appropriate framework for judging an ineffective assistance of counsel claim predicated on counsel's failure to file a notice of appeal. The Court rejected the per se rule that "counsel must file a notice of appeal unless the defendant specifically instructs otherwise," as this rule was "inconsistent with Strickland's holding that the performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances." Id. at 478, 120 S. Ct. at 1035. The Court elaborated, stating:

> If counsel has consulted with the defendant, the question of deficient performance is easily answered: Counsel performs in a professionally

unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal.

Id., 120 S. Ct. at 1035. Before the Supreme Court's pronouncement in Roe v. Flores-Ortega, the Fifth Circuit maintained an even more stringent standard, stating:

> Criminal defense counsel is not burdened by a general duty to perfect an appeal of every criminal conviction. But counsel is constitutionally required to fully inform the defendant as to his appellate rights. Counsel's duty to a criminal defendant in this context requires more than simply notice that an appeal is available or advice that an appeal may be unavailing. The Constitution requires that the client be advised not only of his right to appeal, but also of the procedure and time limits involved and of his right to appointed counsel on appeal. Counsel's failure to so advise a defendant once a conviction is entered falls below prevailing professional standards and is constitutionally deficient performance within the meaning of Strickland.

White v. Johnson, 180 F.3d 648, 652 (5th Cir. 1999) (citations omitted); Childs v. Collins, 995 F.2d 67, 69 (5th Cir. 1993) (citations omitted).

Jones was fully informed of the availability of an appeal by virtue of the Rule 11 colloquy provided by this court. There is simply no evidence that Jones's counsel performed in a professionally unreasonable manner, as nowhere does Jones allege that he ever instructed his counsel to file an appeal. Thus, there is *no* evidence that defense counsel failed to follow his direct instructions to file a notice of appeal. See Ross v. Estelle, 694 F.2d 1008, 1011-1012 (5th Cir. 1983) (citations omitted)

10

(explaining that absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his pro se petition, unsupported and unsupportable by anything else contained in the record, to be of probative value and that mere conclusory allegations do not raise a constitutional issue in a habeas proceeding). Accordingly, Jones's claim that his counsel was deficient in filing to file a notice of appeal on his behalf fails.

2. **Commerce Clause.**

Jones spends much of his brief asserting that 21 U.S.C. § 841 violates the Commerce Clause; thus, his conviction under the statute is in violation of the Constitution. See Record Document 15 at 9-11. This allegation is meritless, as the Fifth Circuit has held on numerous occasions that 21 U.S.C. §§ 841(a)(1) and 846 are valid exercises of Congress's commerce power. See United States v. Owens, 996 F.2d 59, 61 (5th Cir. 1993); United States v. Lopez, 459 F.2d 949, 953 (5th Cir. 1972) (upholding federal drug laws, stating "where it is apparent that an attempt to separate interstate activities from intrastate activities would be a futile exercise substantially interfering with and obstructing the exercise of the granted power of Congress to regulate interstate commerce, that attempt is not required"). The Fifth Circuit has noted that, with regard to the "federal regulation of controlled

substances," "there is a rational basis to conclude that federal regulation of intrastate incidents of transfer and possession is essential to effective control of the interstate incidents of such traffic." United States v. Kirk, 70 F.3d 791, 797 (5th Cir. 1995). See also United States v. Lopez, 2 F.3d 1342, 1367 (5th Cir. 1993) (noting that "all drug trafficking, intrastate as well as interstate, has been held properly subject to federal regulation on the basis of detailed Congressional findings that such was necessary to regulate interstate trafficking"). Drug trafficking can clearly be proscribed by the federal government. The Supreme Court's recent federalism decisions have not changed this result. See United States v. Brown, No. 02-30021, 2004 WL 243491 (5th Cir. Feb. 11, 2004) (citations omitted), rev'd on other grounds, 125 S. Ct. 1111 (2005). See generally United States v. Morrison, 529 U.S. 598, 120 S. Ct. 1740 (2000); United States v. Lopez, 514 U.S. 549, 115 S. Ct. 1624 (1995).

### 3. Factual Basis/Excessive Sentence.

Jones next contends that "there was no factual basis for his plea of guilty to count 1 of the indictment." Record Document 85. He asserts that he "entered his plea under the understanding that he would be sentenced in accordance with his sole involvement in the drug transaction that occurred on January 10, 2002." Record

Document 69. Jones also argues that the drugs attributed to him were not crack cocaine but instead powder cocaine and that his sentence calculation based upon crack cocaine was, thus, erroneous.

The documents *signed by the defendant* at the time of his guilty plea plainly belie his assertions. Jones pleaded guilty to count one of the indictment, which clearly stated that "[b]eginning on or about December 5, 2001 and continuing through on or about January 10, 2002," Jones and Thomas conspired to distribute fifty grams or more of "a mixture and substance containing a detectable amount of cocaine base (crack cocaine). . . ." Record Document 1. The plea agreement signed by Jones states that he entered "a plea of guilty to **COUNT ONE** of the Indictment . . . a basis in fact for said plea being established by the Court pursuant to Rule 11(f). . . ." Record Document 57 at 1 (emphasis in original). The plea agreement also states that

> [t]he Defendant understands and acknowledges that a final determination of the applicable guidelines range cannot be made until the completion of the presentence investigation and that sentencing in this matter is within the discretion of the Court. Defendant further understands and acknowledges that the maximum punishment on **COUNT ONE** is a term of imprisonment of not less than ten (10) years and not more than life. . . .

13

Id. at 2 (emphasis in original). Jones also signed a document entitled "Understand Of Maximum Penalty And Constitutional Rights" wherein he stated that

> my plea in this matter is free and voluntary and that it has been made without any threats or inducements whatsoever (except the plea agreement) from anyone associated with the State or United States Government or my attorney and that the only reason I am pleading guilty is that I am in fact guilty as charged.

Record Document 58 at 2. The document entitled "Elements Of Offense Of Conspiracy To Distribute Cocaine Base (Crack Cocaine), A Schedule II Controlled Substance Title 21, United States Code, Sections 841 (a)(1) and 846" clearly provided that the overall scope of the conspiracy involved at least fifty grams of cocaine base (crack cocaine). Record Document 59.

Documents signed by the defendant at the time of the guilty plea are entitled to "great evidentiary weight." United States v. Abreo, 30 F.3d 29, 32 (5th Cir. 1994); Hobbs v. Blackburn, 752 F.2d 1079, 1081 (5th Cir. 1985). All of the documents detailed above clearly indicate that Jones was aware that he was pleading guilty to count one of the indictment, which plainly charged him with conspiracy to distribute crack cocaine from December 5, 2001 through January 10, 2002.

14

Jones also has not established that his plea was involuntary. Regardless of his attorney's performance, "the conviction should be upheld if the plea was voluntary." DeVille v. Whitley, 21 F.3d 654, 659 (5th Cir. 1994). Jones has also failed to establish either prong of the requisite Strickland showing as to this claim. Since he pleaded guilty, to establish prejudice, he must show that there is a "reasonable probability that but for his counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." United States v. Glinsey, 209 F.3d 386, 392 (5th Cir. 2000) (citing Hill v. Lockhart, 474 U.S. 52, 59, 106 S. Ct. 366, 370 (1985)). This he has failed to do. Nowhere in his motion does he contend that he would not have pleaded guilty and would have insisted on proceeding to trial.

Jones essentially contends that his attorney was ineffective for allowing him to plead guilty to count one of the conspiracy when he contends that he was not involved in any drug transaction other than the one that occurred on January 10, 2002. However, Jones signed a document entitled "Understanding Of Maximum Plea And Constitutional Rights" that stated that he was "in fact guilty as charged." Record Document 43. As previously mentioned, any documents signed by the defendant at the time of the guilty plea are entitled to "great evidentiary weight." Abreo, 30 F.3d at 32. Jones has not presented any *evidence* to refute the documents

15

he signed. In fact, the documents he signed at the time of his guilty plea indicate that he had fully contemplated his decision to plead guilty. The plea agreement signed by Jones at the time of the plea, which is entitled to "great evidentiary weight," provides that he entered into the agreement "freely, knowingly, and voluntarily with no threats or coercion, after due consultation with his attorney." Record Document 57 at 5. Jones has presented *no* evidence to contradict these statements.

Jones has not provided the court with any other evidence to support any of his allegations. Likewise, there is simply nothing in the record to carry his contentions. The Fifth Circuit has stated:

> Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his pro se petition (in state and federal court), unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value. We are thus bound to re-emphasize that mere conclusory allegations do not raise a constitutional issue in a habeas proceeding.

Ross v. Estelle, 694 F.2d 1008, 1011-1012 (5th Cir. 1983) (citations omitted). Jones simply has failed to satisfy either prong of the Strickland test. As to cause, he has neglected to present any evidence to overcome the presumption that his attorney's actions were encompassed within the wide range of reasonable competence and fell under the ambit of strategy. As to prejudice, he has presented no evidence

establishing that his attorney's actions were so serious as to render the proceedings unreliable and fundamentally unfair. Accordingly, Jones's ineffective assistance of counsel claims are without merit.

### 4. Conclusion Regarding Ineffective Assistance.

As discussed previously in this memorandum ruling, all of Jones's contentions have failed to pass muster. The law is clear that counsel's performance is not "deficient for failing to press a frivolous point." Sones v. Hargett, 61 F.3d 410, 415 n.5 (5th Cir. 1995). Likewise, "counsel is not required to make futile motions or objections." Koch v. Puckett, 907 F.2d 524, 527 (5th Cir. 1990). Furthermore, "[m]ere conclusory allegations in support of a claim for ineffective assistance of counsel are insufficient to raise a constitutional issue." Green v. Johnson, 160 F.3d 1029, 1045 (5th Cir. 1998) (for example, Jones additionally asserts that his attorney told him that he would receive a ten year sentence; this is plainly insufficient). Accordingly, Jones's ineffective assistance of counsel claims are without merit.

### III. CONCLUSION

Jones's complaints regarding his sentencing, the classification of drugs, the Commerce Clause, ineffective assistance of counsel, and other miscellaneous claims

under section 2255 fail. Therefore, his motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Record Document 69) is **DENIED.**

An order consistent with the terms of this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 19th day of July, 2005.

_____
JUDGE TOM STAGG